**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**Ericka Michal,**

**Plaintiff,**

**-against-**

**Via Transportation Inc.,**

**Defendant.**

**1:25-cv-03692 (AT) (SDA)**

**ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

Pending before the Court are certain outstanding discovery disputes that are set forth in a Joint Letter, dated September 16, 2026, filed with the Court. (9/16/26 Jt. Ltr., ECF No. 50.) The Court's rulings with respect to such disputes are set forth below.

## BACKGROUND

Defendant Via Transportation Inc. ("Defendant" or "Via") is a technology company that licenses its technology platform to operating subsidiaries and third parties, which in turn engage drivers and deliver transportation services. (*See* 9/16/26 Jt. Ltr. at 4.) Nomad Transit LLC ("Nomad") is a wholly-owned subsidiary of Via and a licensed transportation network company in multiple states, including Washington. (*See* Shapiro 7/14/25 Decl., ECF No. 25, ¶ 3.)

On May 2, 2025, Plaintiff Ericka Michal ("Plaintiff" or "Michal"), a resident of the State of Washington, who alleges that she was employed as a driver by Via[1] from approximately May

[1] Via submitted evidence to the Court reflecting that Michal was affiliated as a driver with Nomad and that Plaintiff executed an Independent Contractor Agreement with Nomad in May 2024, which Agreement contained an arbitration provision. (*See* Shapiro 7/14/25 Decl. ¶¶ 3,6; Ind. Con. Agmt., Ex. A to Shapiro 7/14/25 Decl., ECF No. 25-1, at PDF p. 11.) The Agreement contains multiple references to Via (*e.g.*, referring to "Via App" and "Via Platform") and requires Plaintiff to resolve disputes with Via through binding arbitration. (*See* Ind. Con. Agmt. at PDF pp. 1, 11.)

2024 to January 2025, filed a collective action lawsuit against Via alleging that Via failed to pay overtime, in violation of the Fair Labor Standards Act ("FLSA"). (Compl., ECF No. 1, ¶¶ 1-2, 12, 45-54.) Michal's Complaint defines the FLSA collective, as follows:

> All current and former driver partners or drivers or any other people in similar positions, who were hired and/or contracted by Via Transportation Inc. to provide transportation services and worked at least forty (40) hours in at least one (1) workweek within the United States at any time during the period beginning three years prior to the filing of this Complaint and continuing through the present.

(Compl. ¶ 39.) On June 2 and 20, 2025, respectively, Lisa Baugh and Raymond Murdoch filed consents so as to opt-in to the collective action.[2] (*See* Consents, ECF Nos. 9 & 15.)

On July 14, 2025, Via filed a motion to compel arbitration based upon the Independent Contractor Agreement that Michal signed with Nomad. (*See* Def.'s 7/14/25 Not. of Mot., ECF No. 23; Def.'s 7/14/25 Mem., ECF No. 24, at 2-4.) Michal opposed the motion and argued that, if Via's motion was not outright denied, the Court "should allow a period of limited discovery to allow the Parties to develop and submit sufficient evidence for the Court to make a fully-informed determination as to whether Plaintiff and Defendant's drivers qualify for the transportation exemption." (Pl.'s 7/28/25 Opp. Mem., ECF No. 26, at 23.)

On March 16, 2026, District Judge Torres entered an Order holding in abeyance a decision on Via's motion pending the completion of limited discovery. *See Michal v. Via Transportation Inc.*, No. 25-CV-93692 (AT), 2026 WL 734842, at *5 (S.D.N.Y. Mar. 16, 2026). Judge Torres "grant[ed] Michal's request for a period of limited discovery . . . to allow the parties to develop and submit evidence addressing whether Via drivers belong to a 'class of workers engaged in

---

[2] Additional consents later were filed to the docket at ECF Nos. 32, 33 and 39.

foreign or interstate commerce,'" under Section 1 of the Federal Arbitration Act ("FAA").[3] *Id*. at *1. Judge Torres later stated: "To preserve the benefits of arbitration, the breadth of discovery shall be limited to the question of whether the class of workers to which Michal belongs is subject to the § 1 exemption." *Id*. at *4.

On March 31, 2026, Judge Torres set a deadline of September 30, 2026 to complete the limited discovery. (*See* 3/31/26 Order, ECF No. 38.) By Order, dated June 23, 2026, the deadline for completion of limited discovery was extended to November 4, 2026. (*See* 6/23/26 Order, ECF No. 43.) In addition, the Court set deadlines for submissions by the parties of supplemental papers regarding Via's motion to compel arbitration. (*See id*.)

On August 19, 2026, Michal filed a letter motion seeking a discovery conference to address a discovery dispute. (*See* Pl.'s 8/19/26 Ltr. Mot., ECF No. 47.) By Order, dated September 2, 2026, Judge Torres directed that the parties file a letter by September 16, 2026, stating whether the discovery dispute set forth in the Letter Motion had been resolved. (*See* 9/2/26 Order, ECF No. 49.) On September 16, 2026, the parties filed the Joint Letter setting forth the discovery disputes now before the Court. (*See* 9/16/26 Jt. Ltr.) On September 17, 2026, this case was referred to the undersigned for general pretrial purposes and to address the outstanding discovery disputes. (*See* 9/17/26 Order of Ref., ECF No. 51.)

## LEGAL STANDARDS

Rule 26 of the Federal Rules of Civil Procedure permits the parties to obtain discovery regarding any nonprivileged matter that is "relevant to any party's claim or defense and

[3] Section 1 of the FAA exempts "contracts of employment of seamen, railroad employees, or other class of workers engaged in foreign or interstate commerce." FAA § 1.

proportional to the needs of the case . . ..” Fed. R. Civ. P. 26(b)(1). It is within a Magistrate Judge’s discretion to decide whether discovery requests are relevant and proportional. *See Radio Music License Comm., Inc. v. Broad. Music, Inc.*, 347 F.R.D. 269, 273 (S.D.N.Y. 2024).

**DISCUSSION**

After careful review of the record before the Court, including Judge Torres’ Order, dated March 16, 2026, *see Michal*, 2026 WL 734842, at *5, the Court addresses the parties’ discovery disputes in turn.

**I. Depositions**

Plaintiff seeks to take the deposition of Defendant’s corporate representative and “Defendant has agreed to make one or more corporate representatives available for deposition pursuant to Fed. R. Civ. P. 30(b)(6).” (9/16/26 Jt. Ltr. at 1-2.) However, Defendant premised its agreement upon Plaintiff agreeing to make the opt-in plaintiffs available for deposition during the limited discovery period. (*Id*.) Plaintiff opposes depositions of the opt-in plaintiffs, arguing that “Defendant would likely use the deposition to attack the merits of the claims of the opt-in plaintiffs . . ..” (*Id*. at 1.)

Testimony from Defendant’s corporate representative(s) regarding the question of whether the class of workers to which Via drivers and Michal belong is subject to the FAA § 1 exemption obviously is relevant and also is proportional to the needs of the case. Thus, the Court finds, in its discretion, that such deposition shall proceed forthwith on a mutually convenient date.

Similarly, testimony from Plaintiff and the opt-in plaintiffs regarding the question of whether the class of workers to which Via drivers and Michal belong is subject to the FAA § 1

exemption obviously is relevant and also is proportional to the needs of the case. For example, Plaintiff and the opt-in plaintiffs would have knowledge regarding the average number of interstate trips they took over various time periods and how often they declined interstate trips, which are two areas of inquiry expressly called out by Judge Torres. *See Michal*, 2026 WL 734842, at *4. Thus, the Court finds, in its discretion, that the depositions of Plaintiff and the opt-in plaintiffs shall proceed forthwith on mutually convenient dates.[4]

## II. <u>Scope of Defendant's Written Discovery Responses And Document Production</u>

The parties dispute the scope of the limited written discovery responses and document production. (*See* Jt. Ltr. at 2-7.) Plaintiff argues that the scope should be nationwide. (*See id*. at 2-4.) Defendant argues that the scope only should include the State of Washington. (*See id*. at 4-7.) As explained below, the Court finds, in its discretion, that the scope of the limited discovery shall be nationwide.

In her March 16, 2026 Order, Judge Torres permitted limited discovery regarding whether Via drivers and Michal belong to a "class of workers engaged in foreign or interstate commerce," in order for her "to evaluate the applicability of FAA'[s] § 1 exemption[.]" *Michal*, 2026 WL 734842, at *1, *4. "As multiple courts have made clear, whether an individual transportation worker is entitled to the Section One exemption depends not on whether she *personally* has engaged in interstate commerce, but 'whether the *class* of workers to which the complaining worker belong[s] [is] engaged in interstate commerce.'" *Islam v. Lyft, Inc.*, 524 F. Supp. 3d 338, 344 (S.D.N.Y. 2021) (emphases in original) (quoting *Bacashihua v. U.S. Postal Service*, 859 F.2d

[4] Of course, during the limited discovery period, the testimony from Plaintiff and the opt-in plaintiffs shall be limited to the scope permitted by Judge Torres' March 16, 2026 Order.

402, 405 (6th Cir. 1988)). "What this means is that 'a member of the class qualifies for the exemption even if she does not personally engage in interstate commerce,' and, at the same time, 'someone whose occupation is not defined by its engagement in interstate commerce does not qualify for the exemption just because she occasionally performs that kind of work.'" *Id*. (quoting *Wallace v. Grubhub Holdings, Inc*., 970 F.3d 798, 800 (7th Cir. 2020)). Thus, Section 1 of the FAA "obligates [a court] to focus on the broader occupation, not the individual worker." *Saxon v. Sw. Airlines Co*., 993 F.3d 492, 495 (7th Cir. 2021) (citing *Wallace*, 970 F.3d at 800), *aff'd*, 596 U.S. 450 (2022).

As Judge Torres noted in her March 16, 2026 Order, "Courts are largely in agreement that the proper geographic scope of the class of workers for purposes of Section 1 is nationwide." *Michal*, 2026 WL 734842, at *4 n.2 (quoting *Golightly v. Uber Techs., Inc*., No. 21-CV-03005 (LJL), 2022 WL 22964674, at *7 (S.D.N.Y. Dec. 21, 2022)). "However, '[d]epending on how a company doing business nationwide organizes its workforce and how and whether the nature of the work performed differs from region to region, it might be more faithful to the FAA exemption to consider the employee as a member of a more local class.'" *Id*. (quoting *Golightly II*, 2022 WL 22964674, at *8).

Consistent with Judge Torres' March 16, 2026 Order, the Court finds that the scope of the limited discovery must be nationwide, and not limited to the State of Washington, where Plaintiff worked as a driver. Judge Torres expressly referred to "Via drivers" in defining the scope of the limited discovery, not Nomad drivers, *see Michal*, 2026 WL 734842, at *1, even though Judge Torres was cognizant of the fact that Plaintiff "was a driver for Nomad" (*see id*.), and not for Via directly. Moreover, under the case law cited by Judge Torres in her Order, "the proper geographic

scope of the class of workers for purposes of Section 1 is nationwide." *Michal*, 2026 WL 734842, at *4 n.2. Defendant has not made an adequate showing that the nature of the work performed by Via drivers differs from region to region, such that "it might be more faithful to the FAA exemption to consider the employee as a member of a more local class." *See id*. In order for Judge Torres "to focus on the broader occupation, not the individual worker," as required, *see Saxon*, 993 F.3d at 495, discovery should not be cabined to the State of Washington.

In arguing against a nationwide scope, Defendant argues that "[r]equiring [Defendant] to canvass every licensee relationship nationwide—gathering contracts, trip-level data, and contractor records from separate entities and operating models" would impose a burden upon Defendant. (9/16/26 Jt. Ltr. at 7.) The Court notes that Defendant states that it has licensing relationships with both Defendant's subsidiaries and third parties. (*See id*. at 4.) Defendant need only provide discovery responses and documents that are in Defendant's possession, custody and/or control. In addition, if Defendant believes that responding to any particular discovery request will be unduly burdensome, it shall so advise Plaintiff and thereafter meet and confer with Plaintiff to see if agreement can be reached to withdraw or narrow the request. If agreement cannot be reached, then Defendant may file a properly supported motion for a protective order regarding any unduly burdensome request. In this way, the Court will ensure that the nationwide discovery to be provided by Defendant is proportional to the needs of the case.

**III. <u>Witness Contact Information</u>**

Finally, Plaintiff seeks to compel Defendant to identify drivers nationwide, including their names, home addresses and telephone numbers. (*See* 9/16/26 Jt. Ltr. at 7.) However, Defendant only provided limited responses and only relating to drivers in the State of Washington. (*See id*.)

The Court finds, in its discretion, that Defendant need not provide any further witness contact information during the limited discovery period. Such information is not proportional to the present needs of the case.

## CONCLUSION

For the reasons set forth above, it is hereby ORDERED, as follows:

1. The depositions of Defendant's corporate representative(s), the Plaintiff and the opt-in plaintiffs shall proceed forthwith on mutually convenient dates.
2. Written discovery responses and document production during the limited discovery period shall be nationwide in scope, subject to Defendant making a motion for a protective order regarding any specific discovery request.
3. Defendant need not provide any further witness contact information during the limited discovery period.

In view of the foregoing, Plaintiff's Letter Motion filed at ECF No. 47 is DENIED AS MOOT.

**SO ORDERED.**

Dated: New York, New York
September 19, 2026

Stewart d. Aaron
STEWART D. AARON
United States Magistrate Judge